IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIMBERLY WALLER, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:20-CV-1336-M-BK |
| § | |
| THE SALVATION ARMY, § | |
|    DEFENDANT. § | |
| § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers Defendant's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support*. Doc. 6. Upon review, the motion should be **DENIED**.

**I. BACKGROUND**

Plaintiff alleges claims under Title VII and the Family and Medical Leave Act. Doc. 3 at 1-2. Prior to this suit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("the EEOC") against Defendant for retaliation and discrimination based on race and gender. Doc. 3 at 18. While her charge was pending with the EEOC, Plaintiff moved. Doc. 3 at 2-3. On January 17, 2020, the EEOC issued a Dismissal and Notice of Rights ("the notice") to Plaintiff, but purportedly mailed it to her old address. Doc. 3 at 2-3, 43.

In a February 25, 2020 email to the EEOC investigator, Plaintiff inquired why her case had been closed, informed the investigator that she had "not received anything in the mail," and requested the EEOC issue the notice "so that [she] may file a lawsuit against the Salvation Army

in Court." Doc. 3 at 44. Later that day, the EEOC investigator emailed the notice to Plaintiff and advised her it had been issued on January 17, 2020. Doc. 3 at 45. In a follow-up email, Plaintiff reiterated she had not previously received the notice and that the date of official receipt was that day, February 25, 2020. Doc. 3 at 46. In his reply email, the EEOC investigator did not attempt to correct Plaintiff's interpretation of the date of receipt. *See* Doc. 3 at 47.

Plaintiff filed this suit 87 days later. Doc. 3. She attached, *inter alia*, the notice and the email exchange between her and the EEOC investigator to her complaint. Doc. 3 at 43-47. Defendant's motion followed. Doc. 6.

## II. APPLICABLE LAW

A Rule 12(b)(6) motion to dismiss is the appropriate vehicle for alleging that a claim is barred by statute of limitations where the well-pled factual allegations support dismissal on that basis:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . . Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina,* 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)).

*Jones v. Bock*, 549 U.S. 199, 215 (2007).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and

citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). The court may rely on the complaint, its attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and quotation marks omitted).

### III. ANALYSIS

Defendant argues Plaintiff's Title VII claims should be dismissed because Plaintiff did not file suit within 90 days after receiving the EEOC's notice. Doc. 6 at 2-3. Defendant alleges the 90-day period began on January 20, 2020—three days after the EEOC mailed the notice to Plaintiff's old address—and ended April 20, 2020. Doc. 6 at 3. Defendant also asserts that Plaintiff did not advise the EEOC of her change of address and is therefore not entitled to equitable tolling. Doc. 6 at 5.

Plaintiff disagrees, arguing she filed suit within the 90-day period. She maintains the 90-day period did not start until she received the notice by email on February 25, 2020 because the EEOC incorrectly mailed the notice to her old address even after she gave them her new address. Doc. 9 at 2-5. Plaintiff contends that she updated her address with the EEOC investigator via email in December 2019.[1] Doc. 9 at 4. She also submitted a mail-hold request to the postal service when she moved to her new residence in November 2019, followed by a mail forwarding request on December 3, 2019. Doc. 9 at 3. Even with these precautions, Plaintiff still never received the notice by mail. Doc. 9 at 3. Therefore, Plaintiff asserts that the 90-day period

---

[1] Subsequently, Plaintiff also filed a document purporting to be a copy of the December 16, 2019 email she sent to the EEOC investigator updating her address. Doc. 17 at 5.

should not begin to run until February 25, 2020 when she actually received the notice. Doc. 9 at 4-5.

Under Title VII, a claimant has 90 days to bring suit after receiving the EEOC's notice. 42 U.S.C.A. § 2000e-5(f)(1). This period starts when a claimant is given notice at the address designated by the claimant unless, through no fault of her own, the claimant failed to receive the notice or the 90-day period should otherwise be equitably tolled. *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985). A claimant can invoke equitable tolling by alleging circumstances outside of her control that prevented her from receiving notice. *Id*. at 1251. Inadequate notice from the EEOC can be one such circumstance. *Page v. U.S. Indus., Inc.*, 556 F.2d 346, 351 (5th Cir. 1977) ("To begin the 90-day limitation period, the complainant must receive notice that the EEOD has completed its administrative efforts.").

*Pro se* complaints must be held to a less rigorous standard than pleadings prepared by lawyers, and should only be dismissed if it is beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987). Defendant argues unequivocally that Plaintiff failed to file a timely complaint. Doc. 6 at 3. The Court disagrees; no such certainty exists here. Viewing the allegations in the complaint and its attachments in the light most favorable to Plaintiff, it is plausible that, as Plaintiff alleges, she never received the EEOC's mailed notice, Doc. 3 at 46, that she did update her address with the EEOC prior to the EEOC mailing the notice, Doc. 9 at 4, that the EEOC mailed the notice to her old address, Doc. 3 at 3, and that she acted diligently to obtain her notice. *See, e.g.*, Doc. 3 at 2-3, 44-47, *see, e.g.*, Doc. 9 at 2-5. These plausible facts could toll the 90-day period and demonstrate Plaintiff timely filed this suit. Thus, Plaintiff's Title VII claims survive Defendant's motion to dismiss for failure to state a claim as to limitations.

## IV.  CONCLUSION

Defendant's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Brief in Support*, Doc. 6, should be **DENIED**.

**SO RECOMMENDED** on March 8, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF
### RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).