IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KIMBERLY WALLER,** | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-1336-M-BK |
| | § | |
| **THE SALVATION ARMY,** | § | |
| **DEFENDANT** | § | |

**MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS,
AND PREJUDGMENT INTEREST, AND
BRIEF IN SUPPORT**

In accordance with this Court's Order of June 13, 2024 (the "Order"), Kimberly Waller ("Plaintiff"), Plaintiff in the above-entitled case, files this Motion for Award of Attorneys' Fees, Costs, and Prejudgment Interest, and Brief in Support against Defendant, The Salvation Army ("Defendant"). In support thereof, Plaintiff would respectfully show the Court as follows:

**I.   BACKGROUND**

A five-day bench trial was held on this case from April 2-8, 2024. This Court found that Defendant violated the Family Medical Leave Act ("FMLA") by discriminating and/or retaliating against Plaintiff after she requested leave under FMLA. This Court awarded Plaintiff $258,533.37 in backpay plus an equal amount of liquidated damages, resulting in $517,066.74 in total damages, plus post-judgment interest, taxable court costs and attorneys' fees.

As discussed below, Plaintiff is entitled to reasonable and necessary attorneys' fees and costs, as well as prejudgment interest.

**II.   STANDARD FOR AWARD OF ATTORNEYS' FEES AND COSTS**

The FMLA provides that the Court, "shall, in addition to any judgment awarded to the

1

plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). Thus, an award of attorney's fees to a prevailing plaintiff under the FMLA is mandatory, leaving only the amount of the award within the discretion of the judge. *Id.* Reimbursement of the costs incurred by a plaintiff's attorney is also contemplated under the FMLA. 29 U.S.C. § 2617(a)(3). The United States Code circumscribes the types of costs district courts may tax. *See* 28 U.S.C. § 1920.

To enable the Court to identify allowable hours and costs, Plaintiff has attached a table of hours expended and costs incurred throughout this case as Exhibit A.  This table provides the Court with a detailed list of the time spent and type of work performed by the attorney for Plaintiff, which may be utilized by the Court in its determination of a reasonable and necessary attorneys' fee.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Also attached is a true and correct copy of the Declaration of Brenda J. Williams as Exhibit B (the "Williams' Declaration").  The Williams' Declaration is by an attorney other than Plaintiff's attorney specifically stating the prevailing local rate for the type of work for which Plaintiff now seeks an award.  *See Blum v. Stenson*, 465 U.S. 886, 896-896 n. 11 (1984); *see also Wheeler v. MHMR Auth.*, 752 F.2d 1063, 1073 (5th Cir. 1985); *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).  The Williams' Declaration states the factual basis for the declarant's opinion.

### III.     PLAINTIFF REQUESTS A REASONABLE AMOUNT OF ATTORNEYS' FEES

This Court should determine the base amount of attorneys' fees by multiplying the number of hours reasonably spent by a reasonable hourly rate. *See Pennsylvania v. Delaware Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *see also Green v. Administrators*

*of Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002). The lodestar method is presumed to be the reasonable fee to which the party is entitled. *See Delaware Valley* at 565. The reasonable hourly rate is presumed to be the prevailing hourly rate in the community for similar work. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). As evidenced by Exhibit "A", Plaintiff's attorney expended the following number of hours:

| Name | Affiliation | Rate | Total Hours |
|---|---|---|---|
| Marshay Iwu, Esq. | Iwu & Associates | $400 | 388.0 |

The Williams' Declaration is by an attorney other than Plaintiff's attorney specifically stating the prevailing local rate for the type of work for which Plaintiff now seeks an award. Given that the rates charged by Iwu & Associates are the customary and reasonable attorneys' fees charged in the Northern District of Texas for cases of this type, Plaintiff asks that the Court follow these rates as it determines the lodestar analysis. Accordingly, Plaintiff requests that the attorney time be charged at a rate of $400 per hour. This would equate to attorney time of $155,200.00 (*see* Exhibit A). Plaintiff also incurred $2,039.67 in taxable costs, as evidenced in Exhibit A. Thus, the total amount of attorneys' fees and costs amounts to $157,239.67.

**IV. SEGREGATION OF FEES IS UNWARRANTED, AS EACH OF PLAINTIFF'S CAUSES OF ACTION ALLOW FOR RECOVERY OF ATTORNEYS' FEES AND THE CAUSES OF ACTION ARE INTERTWINED**

"If causes of action are so intertwined that they are more or less inseparable, the total amount of attorney's fees may be awarded and a segregation of work is unnecessary." *Schindler v. Austwell Farmers Co-op.*, 829 S.W.2d 283, 288 (Tex. App.—Corpus Christi, 1992) *citing Richard Gill Co. v. Jackson's Landing*, 758 S.W.2d 921, 928-29 (Tex. App.—Corpus Christi 1988, writ denied); *Burditt v. Sisk*, 710 S.W.2d 114, 116 (Tex. App.—Corpus Christi 1986, no writ); *see*

*also, Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541, 547-548 (5th Cir. 1987) (where overlap of claims is substantial, award of attorneys' fees warranted). Here, the evidence required to prove Plaintiff's claims are intertwined—the same operative facts and the discovery methods required to unearth them were the same, whether applied to Plaintiff's Title VII or FMLA violation claims.

V.   **PREJUDGMENT INTEREST IS MANDATORY UNDER THE FMLA**

The FMLA provides that an employer "shall be liable" for "interest on [back pay] calculated at the prevailing rate[.]" 29 U.S.C. § 2617(a)(1)(A)(ii). Although the Fifth Circuit has not addressed the availability of such prejudgment interest under the FMLA, the Southern District of Texas has found that when the jury awards back pay, the FMLA mandates an award of prejudgment interest. *Carroll v. Sanderson Farms, Inc.*, 2014 WL 549380, at *5 (S.D. Tex. Feb. 11, 2014); *see also*, *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009) ("Pre-judgment interest automatically becomes part of the damages award under the plain terms of the statute."); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006) ("Section 2617 indicates that the award of such interest is mandatory.").

The FMLA provides for interest at the "prevailing rate," without defining what that rate may be. 29 U.S.C. § 2617(a)(1)(A)(ii). District courts within the Fifth Circuit have applied the federal prime rate. *Carroll*, 2014 WL 549380, at *4 n.1 ("The Court observes that 3.25% is the federal prime rate and an appropriate rate for an FMLA case."); c.f. *EEOC v. Serv. Temps*, 2010 WL 5108733, at *6 (N.D. Tex. Dec. 9, 2010) (utilizing the federal prime rate to assess prejudgment interest under the ADA), aff'd, 679 F.3d 323 (5th Cir. 2012).

Accordingly, Plaintiff hereby requests the Court to award Plaintiff prejudgment interest on Plaintiff's backpay award, compounded annually, from the date of termination (July 27, 2018)

through Final Judgment (June 10, 2024), at the federal funds rate of 5.31% as of July 1, 2024, which amounts to $76,328.00.

## VI. CONCLUSION

Pursuant to the Court's Findings of Facts and Conclusions of Law in this matter, the Final Judgment, and the Order of this Court, Plaintiff is entitled to an award of attorneys' fees, costs, and prejudgment interest in this matter based upon both governing statutory authority and case law. Plaintiff respectfully requests the Court to grant this Motion for Award of Attorneys' Fees, Costs, and Prejudgment Interest, and to grant all further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

IWU & ASSOCIATES

**/s/ Marshay Iwu**
Marshay Iwu
State Bar No. 24083204
P.O. Box 851553
Mesquite, Texas 75185-1553
Telephone: (214) 417-2738
Facsimile: (214) 272-3186
marshayiwu@lawyersdemandingjustice.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

I, the undersigned attorney, hereby certify to the Court that on June 13 and 28, 2024, I conferred with Counsel for Defendant regarding an award of attorneys' fees based on a contingency fee contract rate of 30%. However, Counsel for Defendant is opposed to such calculation of attorneys' fees, and this Motion is presented to the Court for ruling based on an hourly rate.

**/s/ Marshay Iwu**
Marshay Iwu

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that on July 1, 2024, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically using the CM/ECF filing system.

**/s/ Marshay Iwu**
Marshay Iwu