IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY WALLER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-01336-M-BK |
| THE SALVATION ARMY, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for an Award of Attorney's Fees, Costs, and Prejudgment Interest. ECF No. 80. For the reasons stated below, the Court awards Plaintiff $99,456.00 in attorney's fees. Plaintiff shall submit by September 6, 2024, further documentation to support her request for taxable court costs. Additionally, pursuant to Rule 60(a), the Court amends the Final Judgment entered on June 10, 2024, to award Plaintiff prejudgment interest of $76,328.00.

I.   **BACKGROUND**

Plaintiff Kimberly Waller moves for an award of $155,200.000 in attorney's fees and $2,039.67 in taxable costs under 29 U.S.C. § 2617(a)(3). ECF No. 80, p. 1. Plaintiff also moves for prejudgment interest totaling $76,328.00, citing 29 U.S.C. § 2617(a)(1)(A)(ii). ECF No. 80, pp. 2, 4.

On June 10, 2024, this Court entered a Final Judgment for Plaintiff, ordering Defendant pay her $258,533.37 in backpay plus an equal amount of liquidated damages, resulting in $517,066.74 in total damages. ECF No. 78. The Court also ordered that Plaintiff shall recover

1

from Defendant post-judgment interest on all amounts awarded from and after the date of judgment at the legal rate provided by 28 U.S.C. § 1961(a). This Judgment was entered after the Court filed its Findings of Fact and Conclusions of Law, in which it granted Plaintiff's requests for relief under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. ECF No. 77, p. 7. The Court denied Plaintiff's requests for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ECF No. 77, p. 7.

## II.     ANALYSIS

The FMLA states that courts "in such an action shall . . . allow a reasonable attorney's fee . . . and other costs of the action to be paid by the defendant." § 2617(a)(3). The FMLA, therefore, "requires that reasonable attorney's fees be awarded to a prevailing plaintiff." *Carroll v. Sanderson Farms, Inc.*, No. H-10-3018, 2014 WL 549380, at *3 (S.D. Tex. Feb. 11, 2014). Courts, however, have "the discretion to determine the amount of the fee." *Id.* at *6 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Stanton v. Jarvis Christian Coll.*, NO. 6:18-cv-479, 2020 WL 5269439, at *4 (E.D. Tex. Aug. 27, 2020). In fact, "trial courts are considered experts as to the reasonableness of attorney's fees." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

This Court rendered judgment for Plaintiff for $517,066.74 in total damages. Although Plaintiff did not recover on all her claims, there is no question that Plaintiff prevailed. ECF No. 78; *see Alexander v. Servisair, LLC*, 593 Fed. App'x 352, 355 (5th Cir. 2014) ("Even an award of nominal damages is sufficient to render the plaintiff the prevailing party." (citing *Farrar v. Hobby*, 506 U.S. 103, 112 (1992))). The question here is whether Plaintiff's request for attorney's fees is reasonable, a question on which Plaintiff retains the burden. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

There is no clear-cut formula for determining what constitutes reasonable attorney's fees. *Hensley*, 461 U.S. at 436.  Instead, the court applies a two-step framework:  first, the court calculates a lodestar; second, the court—if the circumstances warrant—adjusts the lodestar. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379–80 (5th Cir. 2010) (internal citations omitted).

A.  **Calculating the Lodestar**

The lodestar method provides an initial estimate of reasonable attorney's fees. *Stanton*, *supra*, at *4 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Under the lodestar method, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993).  "A reasonable hourly rate should be similar to rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  *Stanton*, *supra*, at *4 (quoting *Blum*, 465 U.S. at 895–96 n.11).  Since the services must be similar, courts consider the type of representation and the litigation's subject matter. *Hoffman v. L & M Arts*, No. 3:10-CV-0953, 2015 WL 3999171, at *2 (N.D. Tex. July 1, 2015).

Plaintiff contends that she spent a total of 388.00 hours on this litigation and that her rate should be set at $400 an hour.  ECF No. 80, p. 3; ECF No. 80-1.  Accordingly, Plaintiff's proposed lodestar value—which is the amount of attorney's fees she requests—is $155,200.00. ECF No. 80, p. 3.  To support her request, Plaintiff includes the Declaration of Attorney Brenda J. Williams.  ECF No. 80-2.  Williams states that Plaintiff's requested rate is reasonable. ECF No. 80-2.  Plaintiff also includes a chart listing the amount of time she spent on individual tasks and the date on which each task was completed.  ECF No. 80-1.  Plaintiff relies solely on Williams's Declaration and the chart to support her claim that her proposed lodestar value is reasonable.

Defendant argues that Plaintiff has not met her burden to show that she reasonably spent 388.00 hours on this litigation. ECF No. 81, p. 3. Defendant argues that Plaintiff inadequately documented her time, improperly block billed, and failed to exercise billing judgment or segregate her fees by claim. ECF No. 82, p. 4–5, 8–9. Defendant also argues that the vague wording in Plaintiff's chart makes it impossible to determine whether she included duplicative or clerical time in her calculations. ECF No. 82, p. 7, 9. Defendant does not argue that Plaintiff's $400 an hour rate is unreasonable. *See* ECF No. 81, p. 3 ("Ms. Iwu has not met her burden of proof nor provided adequate proof or documentation that *the hours she allegedly spent on this matter are reasonable.*" (emphasis added)). Therefore, this Court's analysis regarding whether Plaintiff's proposed lodestar is reasonable will focus on whether Plaintiff proved she reasonably expended 388.00 hours on this litigation.

Courts consider various factors when determining whether the amount of time included in a lodestar calculation is reasonable. First, courts consider the degree of specificity included in the time record. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327–28 (5th Cir. 1995) ("[N]ot illuminating as to the subject matter or vague as to precisely what was done gives the district court sufficient leeway within which to accept or reject fee applications . . . ." (emphasis omitted) (internal quotation marks omitted)); *id.* at 324 (noting that courts will consider whether contemporaneous billing records or other sufficient documentation is provided). Second, courts consider whether the attorney exercised billing judgment—*i.e.*, the attorney wrote off certain hours. *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (citing *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987)). Third, courts consider whether the

4

attorney used block billing.[1]  *Hoffman*, *supra*, at *4.  Block billing is disfavored because it prevents the Court from examining whether the hours were reasonably expended.  *Id.*  Fourth, courts consider whether there is excessive, duplicative, or unnecessary time.  *Harrison*, *supra*, at *2.  Fifth, courts consider whether the attorney properly segregated her time spent pertaining to the claims on which she prevailed from other claims on which she did not prevail.  *Stanton*, *supra*, at *5 (citing *United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998)).  Sixth, courts consider whether clerical work was distinguished from non-clerical work.  *Walker*, 99 F.3d at 771.[2]  Defendant argues that Plaintiff's documentation suffers from various deficiencies and requests that the fee awarded to Plaintiff be reduced as a result.  *See generally* ECF No. 81.

This Court finds that the chart Plaintiff offers as support for her assertion that she spent 388.00 hours on the relevant litigation is deficient in a number of respects.  For example, Plaintiff has described fifty hours of her time only as "[b]egin trial prep."  ECF No. 80-1.  Plaintiff also includes several entries such as "[r]eview docket entries/filings" or

---

[1] "Block billing refers to a time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  *Harrison v. Tyler Techs., Inc.*, No. 4:21-CV-607, 2024 WL 2338254, at *6 (E.D. Tex. May 22, 2024) (internal quotation marks and citations omitted).

[2] Some courts also consider the success of the party seeking the attorney's fees in its calculation of the lodestar.  *See Hoffman*, *supra*, at *6.  The Court considers Plaintiff's success when determining whether to adjust the lodestar, as compared to setting the lodestar, and Defendant analyzed Plaintiff's success in that way as well. ECF No. 81, p. 10–11.  Other courts have also considered the prevailing party's degree of success in the lodestar adjustment analysis rather than in the lodestar calculation analysis.  *E.g.*, *Walker*, 99 F.3d at 772 (discussing the Plaintiff's success in the context of whether to adjust the lodestar downwards); *La. Power*, 50 F.3d at 330 (same).  It is not possible to consider the success in both sections because courts cannot "double-count[]" factors.  *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (highlighting that a district court may not use one of the twelve *Johnson* factors to adjust a lodestar if that factor was used to set the lodestar (citing *Shipes*, 978 F.3d at 319–20)).

"[c]orrespondence with Plaintiff." ECF No. 80-1. Other courts have found that similarly vague entries were properly excluded by the district court. *See, e.g.*, *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (reducing hours for vague entries such as "trial preparation"); *La. Power*, 50 F.3d at 326 (finding that entries like "review pleadings" were too vague); *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) (finding that "research and review of cases" was too vague). The Court excludes 10.0 hours for entries of Plaintiff's counsel that are impermissibly vague.

For the 1/15/24–1/20/24 "Begin trial prep" (50.0 hour) entry, the Court determines that the entry's nature does not require complete exclusion, but rather a reduction. *See La. Power*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete." (emphasis omitted) (internal citations omitted)). Given the number of different tasks that may be subsumed within "trial prep" and the sizeable amount of time Plaintiff includes in this entry, the Court reduces this entry by 20%, or 10 hours. The Court, therefore, excludes 20 hours in total for vague entries.

Plaintiff's documentation also makes it difficult for the Court to determine whether she included duplicative, unnecessary, or clerical work in her chart. This issue is exacerbated by the fact that Plaintiff offers no contemporaneous billing records. Since this Court cannot determine which entries should be excluded or reduced on the basis that a particular entry, or a part thereof, was duplicative, unnecessary or clerical, a 10% reduction is applied to the total remaining hours that were not already excluded for being unreasonably vague. This finding is especially warranted because all of Plaintiff's time was submitted in the form of whole-hours—not a single entry contains a portion of an hour—suggesting that at least some of Plaintiff's proposed time was inflated.

Plaintiff also fails to provide proof that she exercised billing judgment. At no point in the chart or in her Motion does Plaintiff state that she wrote off any hours. *See generally* ECF No. 80; 80-1. The Court therefore applies an additional 15% reduction to the total remaining hours for a lack of billing judgment. *See, e.g.*, *Walker*, 99 F.3d at 770 ("The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment. . . . From our review of the record, we have decided that 15% is the appropriate reduction."). This 15% is additional to the 10% reduction the Court imposed above.

The chart also makes clear that Plaintiff utilized block billing for one entry that consists of 155.0 hours and spans a three-month period: Plaintiff includes ten separate tasks in this entry without detailing the amount of time she spent on each task.[3] ECF No. 80-1. 18.2 hours were spent in trial, as observed by the Court. ECF Nos. 71–75. Therefore, the Court only considers 136.8 hours as improperly block billed. Other courts have reduced the amount awarded from certain entries by 30% for block billing. *See, e.g.*, *Johnson-Richardson v. Tangipahoa Par. Sch. Bd.*, No. 12-0140, 2013 WL 5671165, at *4 (E.D. La. Oct. 15, 2013). *See also Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. 3:09-CV-1596, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) ("[M]any courts reviewing block-billed time entries have performed a percentage reduction either in the number of hours or in the lodestar figure, typically ranging from 10% to 30%." (citing collected cases)). The Court reduces 136.8 hours of Plaintiff's 155.0 hour entry by an additional 20% for block billing

---

[3] The ten separate tasks are (1) preparation of motions for continuance; (2) opening and closing statements; (3) drafting and filing exhibit and witness lists; (4) findings of fact and conclusions of law; (5) joint pretrial order; (6) preparing four exhibit binders; (7) printing exhibits; (8) attending five days of trial; (9) trial review and prep of witness; and (10) drafting subpoenas. ECF No. 80-1.

Plaintiff's documentation makes it impossible for the Court to determine whether Plaintiff segregated her time between her FMLA and Title VII claims. However, because these claims were brought on the same general set of facts and were tried together, this Court concludes that Plaintiff did not need to segregate her time by the FMLA and Title VII claims. *See Abell v. Potomac Ins. Co. of Ill.*, 946 F.2d 1160, 1169 (5th Cir. 1991) ("Where time spent on unsuccessful issues is difficult to segregate, no reduction of fees is required." (internal citations omitted)); *Hensley*, 461 U.S. at 436 ("In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."). The Court therefore does not reduce the lodestar value due to Plaintiff's failure to segregate her time.

Taking these individual findings and applying them to the 388.0 hours Plaintiff submitted in her Motion, the Court concludes the following: 20 hours are excluded on the basis that certain entries were impermissibly vague; all of the remaining time is subject to a 25% reduction (10% for unnecessary, duplicative, and clerical time and 15% for a lack of billing judgment); and 136.8 hours of Plaintiff's 3/15/24–6/28/24 entry for 155.0 hours is subject to a further 20% reduction due to block billing—*i.e.*, 136.8 hours of the 155.0 hour entry are subject to a total reduction of 45%. The lodestar therefore consists of 248.64 hours of reasonable time. At a $400.00 an hour rate, the lodestar is $99,456.00.

**B. Adjusting the Lodestar**

Even though the lodestar is presumptively reasonable, a district court can adjust its value upward or downward. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The factors courts consider when determining whether to increase or decrease the value of the lodestar are set forth

in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  The twelve *Johnson* factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Courts, however, cannot consider a *Johnson* factor when determining whether to increase or decrease the lodestar if that factor was considered in determining the lodestar.  *Watkins*, 7 F.3d at 457.

Defendant mentions factors six—whether the fee is fixed or contingent—and eight—the amount involved and the results obtained.  ECF No. 81, p. 10.  Since the Court did not consider either of these factors when determining the lodestar, it addresses them now.  The Court begins with factor eight, the amount involved and the results obtained, because it is the most important factor.  *See, e.g.*, *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) ("The district court correctly focused on the weightier factors in the *Johnson* analysis, with emphasis on the most important factor, the result obtained." (internal citations omitted)); *Farrar*, 506 U.S. at 114 ("[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." (internal quotation marks and citations omitted)).  In fact, when determining fee awards, district courts have been reversed because they did not grant due consideration to the results obtained.  *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998) ("We hold that the district court abused its discretion by failing to give adequate consideration to the result obtained relative to the fee award, and the result obtained relative to the result sought.").

The Fifth Circuit has stated that analyzing the degree of success obtained in the context of determining attorney's fees is in line with Supreme Court and Fifth Circuit precedent. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 395 (5th Cir. 2016). Analyzing the degree of success obtained can consist of "consider[ing] any disparity between the amount of damages sought and the amount of damages awarded." *Id.* at 395–96 (internal citations omitted). At the same time, "[w]here a lawsuit consists of related claims, a plaintiff who has won *substantial* relief should not have [her] attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440 (emphasis added). *See also id.* at 435 ("Where a plaintiff has obtained *excellent results*, his attorney should recover a fully compensatory fee." (emphasis added)). Instead, "where a plaintiff's successful and unsuccessful claims involve a common core of facts or will be based on related legal theories, the Court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Miniex v. Houston Hous. Auth.*, No. 4:17-0624, 2019 WL 4920646, at *8 (S.D. Tex. Sept. 13, 2019) (internal quotation marks and citations omitted). If the relief won is "limited," though, "the district court should award only the amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440. This is true "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436.

There is no per se rule of proportionality between the amount of recovery and the amount of attorney's fees. *Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 510 (N.D. Tex. Sept. 19, 2001) (citing *Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991)). Additionally, "[a] mathematical approach comparing the total number of issues in the case with those actually prevailed upon is inappropriate because such a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors." *Williams v. Shinseki*, No. 3:11-CV-0761, 2013

WL 1875055, at *6 (N.D. Tex. May 6, 2013) (internal quotation marks and citations omitted). This is especially true because "it is not 'necessarily significant that a prevailing plaintiff did not receive all the relief requested.'" *Id.* (quoting *Hensley*, 461 U.S. at 435 n.11).

Courts have found that plaintiffs obtained excellent results when they "obtain[ed] virtually all of the relief that [they] requested." *Smith v. Tarrant Cnty. Coll. Dist.*, No. 4:09-CV-658, 2010 WL 4063226, at *8 (N.D. Tex. Oct. 13, 2010) (citing *Migis*, 135 F.3d at 1047). Other courts have reduced the lodestar by 15% because counsel failed to obtain relief on many of the claims the plaintiff pursued throughout the litigation, even if the plaintiff prevailed on most of the issues presented at trial. *Williams*, *supra*, at *6.

Plaintiff requested $1,622,000.00 in monetary damages in her Complaint. ECF No. 3, p. 16. The Court granted her $517,066.74 in monetary damages. ECF No. 77, p. 7. Defendant contends that Plaintiff's fee should be reduced because she only prevailed on her requests for relief pursuant to the FMLA and received less than one third (1/3) of her requested monetary damages. ECF No. 81, p. 11.

The Court determines that the results obtained do not justify either an increase or decrease in the lodestar.

Plaintiff contends that, even if the Court rejects her lodestar calculation, the Court should grant her 30% of the total damages awarded ($155,120.02) because this was the percentage agreed upon by Plaintiff and her counsel in their Attorney-Client Contract. Reply, p. 6, ¶ 17; p. 9, Exhibit A. However, Supreme Court and Fifth Circuit precedent make clear that district courts cannot use this factor in determining what constitutes reasonable attorney's fees. *See, e.g.*, *Walker*, 99 F.3d at 772 (5th Cir. 1996) ("The Supreme Court has barred any use of the sixth factor[, whether the fee is fixed or contingent]." (citing *City of Burlington v. Dague*, 505 U.S.

557, 567 (1992))); *Shipes*, 987 F.2d at 323 (5th Cir. 1993) ("[W]e now hold that the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees . . . ."). *See also Smith v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, NO. 17-7267, 2021 WL 6332245, at *5 (E.D. La. May 25, 2021) ("The Court has barred the use of the sixth *Johnson* factor (whether the fee is fixed or contingent) . . . ."). Therefore, the Court does not consider the fact that Plaintiff had a contingent-fee agreement with her client in calculating her attorney's fees.

The parties do not direct the Court to any of the remaining *Johnson* factors, nor does the Court consider any of them sufficiently relevant to justify adjusting the lodestar. Accordingly, the Court does not adjust the lodestar and awards Plaintiff the same in attorney's fees.

    **C. Court Costs**

Plaintiff requests $2,039.67 in taxable court costs. ECF No. 80, p. 3. Plaintiff's support for this claim is found in the chart. She lists "Transcript fees, subpoena witness fees, service of 2 subpoenas and printing costs." ECF No. 80-1. All of these items are listed in one entry on the chart. ECF No. 80-1. Plaintiff provides no other documentation to support her request.

Defendant argues that the Court should deny Plaintiff's requested court costs because they are inadequately described and not individually itemized. ECF No. 81, p. 12. Defendant further contends that some of the costs might not be recoverable under 28 U.S.C. § 1920. ECF No. 81, p. 12.

"The [taxable] costs permitted in an FMLA action are basically the same as for taxable items for a bill of costs under [§ 1920]." *Carroll*, *supra*, at *12 (internal citations omitted). 28 U.S.C. § 1920 states the following:

> "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies

> of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"A court may decline to award the costs listed in the statute, but may not award costs omitted from the list." *Firth v. Don McGill of W. Houston, Ltd.*, No. H-04-0659, 2006 WL 846377, at *8 (S.D. Tex. Mar. 28, 2006) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

In the Fifth Circuit, there is a strong presumption toward awarding costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 539 (5th Cir. 1990)). However, "[i]f a party does not set out costs with sufficient particularity, a court may disallow them." *Firth*, *supra*, at *8 (citing *Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990)). "To assist the court, the prevailing party should provide some demonstration that the costs necessarily result from the litigation." *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

The items Plaintiff claims *may* fall under § 1920's purview, as they are either explicitly covered or have been found to be necessary litigation costs recoverable pursuant to § 1920. *See, e.g.*, *Smith W. Tex. Props., Ltd. v. Allied Prop. & Casualty Ins. Co.*, 555 F. Supp. 3d 342, 348 (W.D. Tex. Aug. 18, 2021) ("[S]ubpoena expenses and filing fees are generally recoverable under 28 U.S.C. § 1920."); *Firth*, *supra*, at *8 ("Firth requests reimbursement for his filing fee, summonses and subpoenas . . . . The Court concludes all three are recoverable pursuant to § 1920 as fees necessarily incurred in this litigation.").

To properly determine whether Plaintiff is entitled to the taxable court costs she requests, the Court ORDERS Plaintiff provide supplemental proof of her claimed court costs. Plaintiff

13

shall provide such proof by September 6, 2024. Otherwise, the Court will deny Plaintiff's request for taxable court costs.

### D. Prejudgment Interest

Plaintiff requests $76,328.00 in prejudgment interest, citing § 2617(a)(1)(A)(ii) for her request.[4] Plaintiff says she calculated this amount by applying the federal funds rate of 5.31% as of July 1, 2024, to her $258,533.37 backpay award, beginning on July 27, 2018 (the date of her termination), through June 10, 2024 (the date of the Final Judgment). ECF No. 80, pp. 4–5. Defendant argues that this Court should deny Plaintiff's request for prejudgment interest because this Court entered Final Judgment. ECF No. 81, p. 12.

Courts inside and outside the Fifth Circuit have found that prejudgment interest is mandatory under the FMLA. *See, e.g.*, *Carroll*, *supra*, at *4–*5; *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 302 (4th Cir. 2009); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006); *Clements v. Prudential Protective Servs., LLC*, 100 F. Supp. 3d 604, 619 (E.D. Mich. 2015) (citing *Killian v. Yorozu Automotive Tenn., Inc.*, 454 F.3d 549, 558 (6th Cir. 2006)); *Newcomb v. Corinth Sch. Dist.*, No. 1:12-CV-00204, 2015 WL 1505839, at *14 (N.D. Miss. Mar. 31, 2015) ("The remedial provisions of the FLSA include no textual authorization for interest. In contrast, the FMLA provides that an employer '*shall* be liable' for prejudgment interest. Thus, whereas

---

[4] § 2617(a)(1)(A)(ii) provides that "[a]ny employer who violates section 2615 of this title shall be liable to any eligible employee affected the interest on the amount described in clause (i) calculated at the prevailing rate." Because this Court found that Defendant interfered with Plaintiff's FMLA rights and retaliated against her for taking FMLA leave, ECF No. 77, pp. 6–7, there is no question Defendant violated § 2615. *See* § 2615(a)(1–2) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. . . . It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.").

prejudgment interest is often unavailable to a prevailing party under the FLSA, it is not only available under the FMLA, but it is required." (emphasis in original) (internal citations omitted)).

The Court stated that Plaintiff was entitled to "interest according to law" in its Findings of Fact and Conclusions of Law. ECF No. 77, p. 6, ¶ 23. Therefore, because this Court must award Plaintiff prejudgment interest since she prevailed on her requests for relief pursuant to the FMLA, the Court amends its Final Judgment pursuant to Federal Rule of Civil Procedure 60(a) to include prejudgment interest.[5]

Defendant did not object to the 5.31% rate Plaintiff used in her prejudgment interest calculation or suggest an alternative rate. *See Carroll*, *supra*, at *4 n.1 (highlighting that the defendant did not object to the rate the plaintiff offered or offer an alternative rate when considering at what rate the interest used to calculate the prejudgment interest should be set). The Court, therefore, grants Plaintiff's request for $76,328.00 in prejudgment interest.

**SO ORDERED**.

August 26, 2024.

*[signature: Barbara M. G. Lynn]*
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Rule 60(a), in relevant part, states the following: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).

15